## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| ROSY PRINCELLA BRYANT-WALKER, | CASE NO. 3:25 CV 2637 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| ALLSTATE FIRE & CASUALTY INSURANCE CO., et al., | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

Currently pending before the Court are Defendant Allstate Fire and Casualty Insurance Company ("Allstate") and Defendant Aetna Insurance Company's ("Aetna") respective Motions to Dismiss. (Docs. 4, 5). Also pending is Defendant Anthony Murray's Motion to Compel Discovery. (Doc. 11). *Pro se* Plaintiff Rosy Princella Bryant-Walker has not responded to any of these Motions and the time in which to do so has expired. *See* Loc. Civ. R. 7.1(d). For the reasons discussed below, the Court grants Aetna's Motion to Dismiss (Doc. 5) and remands the remainder of this case to the Lucas County Court of Common Pleas.[1]

### BACKGROUND

Factual Background

Plaintiff's claims are based on an October 25, 2023, traffic accident. *See* Doc. 1-1, at 2. Plaintiff asserts Murray was at fault for the accident. *Id.* Plaintiff also asserts she has "received

---

1. As a result, Allstate's Motion to Dismiss (Doc.  4), and Murray's Motion to Compel Discovery (Doc. 11), are denied as moot without prejudice to refiling in the remanded action.

extensive medical treatment" as a result and "ha[s] not been the same." *Id.*[2] She further states, at the scene of the accident, Murray verbally threatened her and approached her in a physically threatening manner that made her fear for her safety. *Id.* A responding police officer told Murray to get away from Plaintiff's vehicle and that he was at fault for the accident for following too close. *Id.* Plaintiff attaches an Ohio Department of Public Safety Traffic Crash Report regarding the accident. *Id.* at 4-8.

Defendant Allstate is Murray's automobile insurance company, and Plaintiff asserts Allstate is "legally liable for [her] damages and pain and suffering." *Id.* at 2.

Defendant Aetna is Plaintiff's insurance company, who she asserts "is also legally liable" for its refusal to cover an MRI ordered by her physician. *Id.*

Plaintiff seeks $200,000 "from all three Defendant[]s." *Id.*

The Aetna insurance plan at issue, which covered Plaintiff from January 1 to December 31, 2023, is a Medicare Advantage ("MA") Plan. *See* Doc. 6-1.[3] The Plan provides "Medicare covered services must be provided according to the coverage guidelines established by Medicare." *Id.* at 45.

Procedural Background

Plaintiff originally filed her Complaint on October 10, 2025, in the Lucas County Court of Common Pleas. (Doc. 1-1, at 2-8). On October 27, 2025, Murray filed an Answer to the

---

2. Plaintiff's single-paragraph Complaint is written in all capital letters. The Court has herein modified the capitalization in all quotations from the Complaint.

3. Aetna attaches Plaintiff's Medicare Advantage insurance plan to its Motion to Dismiss. (Doc. 6-1). Aetna asserts "Plaintiff has no claim unless coverage is due under the MA Plan. As such, the MA Plan is referenced in the Complaint, pertinent, and properly considered as part of Aetna's Motion." (Doc. 6, at 3 n.2). The Court agrees and finds it can consider the Plan in evaluating the present Motion. *See, e.g.*, *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (finding no error in consideration of a life insurance policy attached to motion to dismiss); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (finding no error in considering pension plan documents attached to motion to dismiss).

Complaint. (Doc. 1-2, at 17-20). On November 4, 2025, Allstate filed a Motion to Dismiss the Complaint. *Id.* at 23-29.

On December 4, 2025, Aetna[4] removed the case to this Court, citing the federal officer removal statute, 28 U.S.C. §§ 1442(a)(1) & 1446(a), on the basis that Plaintiff challenged a Medicare benefit coverage determination Aetna made in its capacity as a Medicare Advantage Organization ("MAO") under contract with the Center for Medicare and Medicaid Services. (Doc. 1, at 8-14).

On December 10, 2025, Allstate filed a renewal of the Motion to Dismiss it previously filed in state court. (Doc. 4).On December 11, 2025, Aetna filed a Motion to Dismiss and Brief in Support. (Docs. 5, 6).

## STANDARD OF REVIEW

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation modified). Dismissal under Federal Civil Rule 12(b)(1) is required where a court does not possess the necessary subject matter jurisdiction to hear a claim. There are two categories of challenges to subject matter jurisdiction: facial attacks and factual attacks. *Carr v. Arrowhead MHC, LLC*, 518 F. Supp. 3d 1018, 1021 (N.D. Ohio 2021). A facial attack challenges the sufficiency of the pleadings, while a factual attack challenges "the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). For a factual attack, the court does not presume the Plaintiff's assertions are true; instead, "the court is free to weigh the evidence and satisfy itself as to the

---

4. In its Notice of Removal, Aetna notes it was improperly named as "Aetna Insurance Company" and that Plaintiff's benefit plan is actually administered by Aetna Health of Ohio, Inc. (Doc. 1, at 1 n.1). The Court simply refers to this party as "Aetna."

3

existence of its power to hear the case." *McCausland v. Charter Twp. of Canton*, 2024 WL 3045525, at *3 (6th Cir.) (quoting *Ritchie*, 15 F.3d at 598).

Under Federal Civil Rule 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Although a complaint need not contain "detailed factual allegations," it must contain more than just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, to survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Pro se* pleadings are held to less stringent standard than pleadings written and drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The liberal construction accorded to *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to "conjure up unpleaded facts" or create claims for *pro se* plaintiffs. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation modified); *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Instead, a *pro se* plaintiff's pleadings must offer fair notice to the defendants of what the plaintiff's claims are and the grounds they are asserted under. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint still must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 at 678).

4

**DISCUSSION**

Aetna Motion to Dismiss

Aetna first argues Plaintiff's Complaint fails to satisfy the notice pleading standard under Federal Civil Rule 8. (Doc. 6, at 8-9). Second, Aetna argues any plausible state law claims Plaintiff brings arise from, and are inextricably intertwined with, the denial of benefits under a Medicare plan under the Medicare Act, 42 U.S.C. § 1395 *et seq.*, and are therefore preempted. (Doc. 6, at 9-12). Finally, Aetna argues the Court lacks jurisdiction to consider any claim arising under the Medicare Act because Plaintiff has not exhausted her administrative remedies for such a claim. *Id.* at 12-15.

*Federal Civil Rule 8*

Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Plaintiff's Complaint contains a single allegation as it pertains to Aetna, asserting: "[t]he Defendant Aetna Insurance Company is also legally liable and refused to cover the expense for the required MRI my doctor ordered as a result from this accident." (Doc. 1-1, at 2). Aetna contends this is insufficient as the Complaint does not identify the plan or any particular plan provision that entitles her to coverage of this test. *See* Doc. 6, at 8-9.

The Court finds this to be a close call, particularly given Plaintiff's *pro se* status. On one hand, a statement that a defendant is "legally liable" is simply a legal conclusion not entitled to weight. Although the Complaint alleges Plaintiff's doctor ordered the MRI and it was "required," it does not allege it is covered under the (or any) plan.[5] On the other hand, drawing all reasonable inferences in Plaintiff's favor, the Complaint arguably alleges Aetna denied Plaintiff a benefit to

---

5. In fact, the Complaint does not explicitly assert Plaintiff has a plan for insurance coverage through Aetna.

which she was entitled. The Court ultimately finds it need not definitively resolve this question because even if the Complaint is construed to satisfy Rule 8, Aetna remains entitled to dismissal.

*Preemption*

Aetna contends even if Plaintiff's Complaint can be construed to state a claim, any state law claim asserted is preempted by the Medicare Act. The Court agrees.

The Medicare Act, Medicare Part C's express preemption provision, states: "[t]he standards established under this part shall supersede any State law or regulation . . . with respect to MA plans which are offered by MA organizations under this part." 42 U.S.C. § 1395w-26(b)(3). Courts have found this encompasses state law claims challenging benefits determinations. *See Aylward v. SelectHealth, Inc.*, 35 F.4th 673, 681 (9th Cir. 2022); *Williams v. Aetna Better Health of Ohio*, 2024 WL 3925879, at *3 (S.D. Ohio) ("Plaintiff's claim that Aetna wrongfully denied coverage directly implicates the Medicare Act's standards for coverage."). The Court agrees with Aetna that Plaintiff's claim "is, at its core, a Medicare coverage dispute that requires interpretation of federal Medicare regulations and guidelines." (Doc. 6, at 12). Therefore, the Court finds any state law claim asserted preempted.

*Exhaustion*

To the extent Plaintiff's Complaint can be construed to bring a claim under the Medicare Act, Aetna further argues the Court lacks jurisdiction over such a claim because Plaintiff failed to exhaust her administrative remedies. Again, the Court agrees.

42 U.S.C. §§ 405(g) & (h) require claimants to exhaust administrative remedies before pursuing judicial review of claims "arising under" the Medicare Act, 42 U.S.C. § 1395, *et seq.* If a claim arises under the Medicare Act, a claimant "must follow a five-step process to fully exhaust administrative remedies." *New Vision Home Health Care, Inc. v. Anthem, Inc.*, 2017 WL

6

3704379, at *7 (E.D. Mich.), *aff'd*, 752 F. App'x 228 (6th Cir. 2018). Administrative remedies conclude once the Secretary of the U.S. Department of Health and Human Services renders a final decision. 42 U.S.C. § 1395ff(b)(1)(A); *see also Weinberger v. Salfi*, 422 U.S. 749, 764-66 (1975) (holding a "final decision" is "central to the requisite grant of . . . jurisdiction" and therefore is a "statutorily specified jurisdictional prerequisite" to suit). Thus, a final decision by the Secretary must be rendered before bringing an action in federal court, 42 U.S.C. § 405(g), and "§ 405 is the sole avenue for judicial review for all claims arising under the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (citation modified).

A claim arises under the Medicare Act when either (1) the "'standing and the substantive basis for the presentation' of the claims" is the Medicare Act, or (2) where the claim is "inextricably intertwined" with a Medicare benefits determination. *Id.* at 614-15 (quoting *Weinberger*, 422 U.S. at 760). "Claims are 'inextricably intertwined' when, despite being brought under different laws, they are nothing more than a challenge to a benefits decision." *Est. of Lokken v. UnitedHealth Grp., Inc.*, 766 F. Supp. 3d 835, 843 (D. Minn.) (first citing *Ringer*, 466 U.S. at 614-15; and then citing *Reuben v. Ziemer*, 2024 WL 2477049, at *2-3 (D. Minn.)). But claims may not be inextricably intertwined with a claim for benefits when a Plaintiff can prove the elements of their claim without regard to any provision of the act relating to benefits. *See Mann v. Reeder*, 2011 WL 665749, at *3 (W.D. Ky.).

Here, as set forth above, Plaintiff does not clearly identify a cause of action. But the claim is a challenge to the denial of a benefit and thus (1) the "standing and the substantive basis for the presentation" of the claims is the Medicare Act," and/or (2) the claim is "inextricably intertwined" with a Medicare benefits determination. *Ringer*, 466 U.S. at 614-16. And Plaintiff has not alleged she satisfied the exhaustion requirement necessary for this Court to exercise

jurisdiction nor provided any response to Aetna's argument regarding her failure to exhaust. As such, the Court finds that even if Plaintiff's Complaint could be construed to state a claim under the Medicare Act, the Court lacks jurisdiction to consider such a claim.

Remaining Claims

"When a case is removed under 28 U.S.C[.] § 1442, and the removing defendant is dismissed, the district court has discretion to continue to exercise supplemental jurisdiction over the remaining state law claims, or to remand the case to state court." *Goins v. St. Elizabeth Med. Ctr.*, 640 F. Supp. 3d 745, 756 (E.D. Ky. 2022), *amended in part*, 2022 WL 22628786 (E.D. Ky.), and *aff'd*, 2024 WL 229568 (6th Cir.). Here, the Court will decline to exercise its discretion to hear any remaining state law claims asserted against Allstate and Murray.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Aetna's Motion to Dismiss (Doc. 5) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this case be, and the same hereby is, REMANDED to the Lucas County Court of Common Pleas.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2026

8